IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CR-348-WKW |
| | ) | |
| DWAYNE LAMONT TURNER | ) | |

## MEMORANDUM OPINION AND ORDER

On June 7, 2017, Defendant Dwayne Lamont Turner entered a plea of guilty to a charge of conspiracy with intent to distribute and possess with the intent of distributing 5 kilograms or more of cocaine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.[1] Pursuant to 21 U.S.C. § 853, the Government seeks forfeiture of the following property included in Forfeiture Allegation 1 of the superseding indictment (Doc. # 130 at 3-4):

(1) a 2008 Maserati Gran Turismo seized from Turner;
(2) $123,865 in U.S. currency seized from Turner;
(3) $6,000 in U.S. currency seized from Turner; and
(4) a Springfield Armory, XD-40, .40 caliber pistol seized from Turner.

On August 15, 2017, pursuant to the Government's request, a forfeiture hearing was held. At the hearing, Defendant Turner, who was present, did not contest forfeiture of the $6,000 in cash, the Maserati, or the pistol. However,

---

[1] Turner consented to enter his guilty plea before the United States Magistrate Judge. (Doc. # 366.) The plea agreement states the parties' agreement that the forfeiture of any assets would be determined in a separate proceeding. (Doc. # 367 at 4.)

Turner contended that the $123,865 in cash is not subject to forfeiture because, he alleged, he received that money not as proceeds of a drug transaction, but from an inheritance and/or life insurance policy following the death of his father.

## I. APPLICABLE LAW

21 U.S.C. § 853(a) provides that property subject to forfeiture includes "any of the [convicted defendant's] property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a violation of various drug control laws, including 21 U.S.C. § 841, the statute underlying to charge to which Turner entered a guilty plea.

"As soon as practical after a . . . finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id*. The nexus may be established by a preponderance of the evidence. *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999).

## II. FACTS

For the $123,865 in cash recovered from the Maserati to be subject to forfeiture, the government must show by a preponderance of the evidence that the

cash was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of," the drug activity in this case. 21 U.S.C. § 853(a)(2). All of the evidence of record and all evidence presented at the hearing, including Turner's own August 14, 2017 hearing testimony, demonstrate that Turner intended to use the $123,865 to commit or facilitate the drug conspiracy at issue in this case. At the hearing, Turner stated that he placed the $123,865 in cash in his Maserati and drove the Maserati to meet[2] with his drug supplier. Turner testified that he went to the meeting to seek an extension on a $124,000 drug debt he owed to the drug supplier, but he intended to use $123,865 in cash to pay for the drugs if the drug supplier threatened his life for nonpayment.

In addition to Turner's own testimony, other evidence presented at the hearing confirmed that Turner took the $123,865 in cash to the meeting because he owed the drug debt and to facilitate the drug conspiracy. For example, a text message from Turner to his supplier on the day of the meeting stated: "I got 124K and I owe you 2k, make sure you send that other with the next white." (Doc. # 1, Criminal Comp. ¶ 10.)[3] Agent Karl Oroz testified that Turner stated in a recorded conversation that he was on his way to the meeting with the drug dealer to deliver

---

[2] Before Turner arrived at the meeting with his supplier, the cash was confiscated from Turner during a traffic stop.

[3] "The court's determination [in a forfeiture hearing] may be based on evidence already in the record." Fed. R. Crim. P. 32.2(b)(1)(B). The criminal complaint is in the record. Additionally, at the hearing, the criminal complaint was placed into evidence.

3

the money.  No evidence suggests that Turner had any reason other than furtherance of the drug conspiracy to take the $123,865 in cash to the meeting with the drug supplier, even if he only intended to hand the money over to the drug supplier as a last resort.

## III.  CONCLUSION

Based on the preponderance of the evidence, including Turner's August 15, 2017 hearing testimony, the court finds that the $123,865 in U.S. currency seized from Turner is subject to forfeiture because, regardless of the source of that cash, and even if he only intended to part with the cash to pay the drug debt as a last resort, Turner did use or intend to use the cash in the commission of the drug conspiracy or to facilitate the drug conspiracy.

At the hearing, Turner admitted that he "probably" used the Maserati to carry drugs in furtherance of the conspiracy, and he declined to contest forfeiture of the Maserati.  Accordingly, the court finds by a preponderance of the evidence that the 2008 Maserati Gran Turismo seized from Turner was used in furtherance of the drug conspiracy and is subject to forfeiture.

Turner does not contest that the $6,000 in U.S. currency or the Springfield Armory pistol are subject to forfeiture.  Therefore, the $6,000 in U.S. currency seized from Turner and the Springfield Armory XD-40, .40 caliber pistol seized from Turner are subject to forfeiture.

4

It is ORDERED that, on or before **September 15, 2017,** the Government shall file and serve a motion for preliminary order of forfeiture and a proposed preliminary order of forfeiture, or otherwise file proof that notice of intent to seek forfeiture has been served on all interested parties in accordance with all applicable laws and rules.

DONE this 30th day of August, 2017.

                                                   /s/ W. Keith Watkins
                                           CHIEF UNITED STATES DISTRICT JUDGE